Opinion op the Court,
by Ch. J. Boyle.
THIS was an action of assumpsit, brought by Ryan, as endorsee, against Hickman, as the endorsor of a bill of exchange. The bill bears date the 7th of July, 1819, at Maysville, and was drawn by Mitchel and Trotter on William Trotter, at the house of Thomas Tenant, Fells Point, Baltimore, for $1,115, payable at sixty days’ sight, to James Trotter, and was endorsed by James Trotter to Samuel Henderson, by Henderson to the defendant, by him to the plaintiff, and by the plaintiff to Truman and Son, who endorsed it to the cashier 0f the branch Bank of the United States at Baltimore, The bill was accepted on the 23rd of July, 1819, and on the 24th of September, 1819, way duly protested for non-payment, of which notice was transmitted by mail f0 Truman and Son, who gave notice to the preceding parties. The cause was tried upon the general issue and after the evidence was closed on the part of the plaintiff, the defendant moved the court to instruct the jury to find as in case of a nonsuit; but the court -overruled the motion, and a verdict being found for the plaintiff, the defendant moved the court for a new trial, but this motion was also overruled, to which the defendant excepted, and has brought the case to this court by writ of error.
On the trial in the court below, the evidence produced by the plaintiff there, conduced to the establishment of all the points material to his right of recovery, except the point of due diligence in transmitting the notice of the protest for non-payment, from Baltimore. But of that point, we apprehend, there was a total defect of proof. There is no doubt that it is sufficient to send the notice by mail, and that it is the safest mode of doing it; but where the holder of a bill adopts this mode, he must, in order to charge the preceding parties, send the notice by the mail of the next day; and of this fact, there was no direct or positive proof, nor could any presumption of the fact arise from the circumstances’ of *25 the case. Such a presumption would have been rational and might have been indulged, if the notice of the protest had arrived a Maysville in the usual time of the arrival of the mail at that place, from Baltimore. But that does not appear to have been the case; for the protest bears date on the 24th of September, 1819, and the mail which brought the notice of the protest, arrived at Maysville on the 11th of October, 1819, making a period of seventeen day, excluding the day of the protest, and excluding that of the arrival of the mail; and it is proved in the cause, that the mail arrived at Mays-ville from Baltimore, three times a week generally, and that its usual time of arrival, was, from ten to thirteen days. It is true, that it was proved that the mail was sometimes sixteen days, and occasionally twenty, in arriving from Baltimore to. Maysville; but there was no proof that the mail which Brought the notice of the protest, did not arrive in the usual time, or that there existed any cause for a delay in its arrival in the usual time, and in the absence of all such proof, we must presume that the mail arrived in the usual time; for all presumption is founded upon what usually and commonly happens. The circumstances ,of the case, therefore, instead of warranting a presumption that the notice of the protest was sent by the mail of the next day, rather afford a ground for' presuming that it was not; and in the absence of direct or positive proof upon the point, the court clearly erred in not instructing the jury as in case of a nonsuit, and in refusing to grant a new trial.
Judgment reversed with costs, and cause remanded for a new trial.